FRANCIS X. ABBOTT, PROSECUTOR, v. LUCIUS F. DONO-HOE ET AL., COMMISSIONERS OF THE CITY OF BAYONNE, AND THE CITY OF BAYONNE, RESPOND-ENTS.

Submitted May 13, 1932—Decided September 17, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *John Milton.*

For the respondents, *Alfred Brenner.*

PER CURIAM.

Briefly stated the situation in this case is this: The prosecutor, Abbott, was an inspector in the electrical bureau in the department of public safety in the city of Bayonne, and on May 16th, 1931, was transferred by the director to the office of lineman with the rank of lieutenant of police. The

city is governed by a board of commissioners and on the 12th of May an election was held in the city and a new body of commissioners chosen. The new body organized, assigned Jerome J. Brady, one of their number, to the department of public safety. Brady disregarded the transfer and recommended that a resolution be adopted rescinding the transfer and this recommendation was complied with by the adoption of the resolution which is brought before us for review.

As will be noted from the chronology the transfer of Abbott was a dying act of an administration going out of office, as the result of an election occurring four days before. The new board of commissioners, relying upon chapter 289 of the laws of 1931, on coming into office passed the resolution revoking the transfer.

The section of the act in question provides that:

"No subordinate board, department, body, office, position or employment shall be created and no appointments made to membership on any subordinate board, department, body or to any office, employment or position including the position of patrolman and fireman by any board of commissioners or any member thereof heretofore or hereafter elected in any city of the second class under the provisions of the act to which this act is a supplement between the first Tuesday in May and the third Tuesday in May in any year in which an election of a board of commissioners for that city shall be held."

The prosecutor of the writ contends that the act is not applicable, and if applicable, that it is unconstitutional class legislation.

Neither contention we think is sound. Language could hardly be chosen to indicate more clearly and completely a legislative ban on the appointment to office, employment or position in the period indicated, and this for the obvious reason that a dying board should not be permitted to forestall the action of its successors and thereby possibly defeat the public will. We think its language adequate to cover the transfer in this case.

It is said the act is unconstitutional in that it affects cities

of the second class and as to these only those governed by boards of commissioners. We think this is not so. The act is a development of a scheme of government initiated in 1911, and intended to concentrate municipal governmental power and responsibility in a limited number of individuals. The scheme is a marked departure from earlier methods of local government, is experimental in character and becomes effective only on adoption by the people. In the course of its operation it became apparent to the legislature that restraint in the manner indicated by the act relied on by the respondent was essential to the carrying out of the underlying plan in order that the public will in the choice of commissioners might not be defeated by the action of repudiated bodies through the filling of offices by those who might then not retain public confidence. Such legislation finds support in numerous cases decided by our courts. *Commercial Trust Co.* v. *Board of Taxation*, 87 *N. J. L.* 179; 92 *Atl. Rep.* 799; *Hudspeth* v. *Swayze*, 85 *N. J. L.* 592; 89 *Atl. Rep.* 780; *Delaware River Transportation Co.* v. *Trenton*, 86 *N. J. L.* 48; 90 *Atl. Rep.* 731.

The presumption of constitutionality is fairly established. We are not convinced that the act in question, worthy in purpose and effective in operation, is invalid, and the board was therefore in lawful exercise of its authority.

The writit is dismissed, with costs.